**Continuing Abatement Order filed August 1, 2013**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00467-CR
_____

**MILLENA R. HEBERT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1309261**

---

## CONTINUING ABATEMENT ORDER

Appellant is represented by retained counsel, Michael Casaretto. On February 27, 2013, time to file appellant's brief expired without a brief and no motion for extension of time was filed. *See* Tex. R. App. P. 38.6(a). On March 21, 2013, this court issued an order requiring the trial court to conduct a hearing to determine whether appellant desired to prosecute the appeal, whether appellant is indigent, and if not indigent, whether appellant has abandoned the appeal. On April 26, 2013, appellant's counsel filed a motion to dismiss appellant's appeal.

The motion did not comply with Rule 42.2(a) of the Texas Rules of Appellate Procedure in that appellant had not signed the motion. On April 26, 2013, this court notified appellant's counsel in writing that a compliant motion was due in the court within 10 days of the date of the letter. Appellant did not file a compliant motion.

On June 6, 2013, this court issued a second order directing the trial court to conduct a hearing to determine whether appellant desired to prosecute the appeal, whether appellant is indigent, and if not indigent, whether appellant has abandoned the appeal. The court received no response and issued a letter July 16, 2013, reminding the trial court that no record of the hearing had been filed. As of today, no response from appellant or the trial court has been received. Accordingly, we issue the following order:

Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) the judge of the 338th District Court shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether appellant desires to prosecute his appeal; (b) whether appellant is indigent; (c) if not indigent, whether appellant has abandoned the appeal or whether appellant has failed to make necessary arrangements for filing a brief; (d) the reason for the failure to file a brief; (e) if appellant desires to continue the appeal, a date certain when appellant's brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. If appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel.

**If appellant is not indigent and has abandoned the appeal, the judge shall make such a finding on the record and forward the record to this court.** The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court on or before **September 3, 2013.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

# RULE 38. REQUISITES OF BRIEFS

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

(b) *Criminal Cases*.

(1) Effect. An appellant=s failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice. If the appellant=s brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact. If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing. In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which recordCincluding any order and findingsCmust be sent to the appellate court.

(4) Appellate Court Action. Based on the trial court=s record, the appellate court may act appropriately to ensure that the appellant=s rights are protected, including initiating contempt proceedings against appellant=s counsel. If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary

arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.